Dickerson *v.* Miller.

---

**MAHLON DICKERSON, late Ordinary, &c. v. ANDREW MILLER and OTHERS.**

The order to institute, and carry on a suit in the name of the Ordinary, should not be filed in the Supreme Court, but in the Prerogative Court, whose act it purports to be, and by whose clerk or register it ought to be held and preserved.

If leave is given to prosecute, "upon giving bond to the Surrogate General, and his

successors in office, in the penalty of four hundred dollars with such surety, or sureties as shall be approved of by the surrogate of the county of Hunterdon, conditioned to indemnify the Surrogate General from all costs to be incurred in the prosecution of the said bond," the prosecutor must deliver the bond to the Ordinary. To deliver the bond to the surrogate of the county of Hunterdon, is not a compliance with the direction of the Ordinary. It is for his indemnity. It is to be held, and preserved by him, or in such manner, as he may prescribe.

*Attorney General* for the defendants, moved to quash the writ. *Saxton* argued for the plaintiffs, and in support of the writ.

EWING, C. J.   The prosecutor in this case being called on to shew that he had leave to institute and carry on this suit in the name of the Ordinary, without which the writ was improvidently issued, produces an order made in the Prerogative Court and signed by the Ordinary, bearing date anterior to the suit, not placed on the files or in the registry of that court, but kept, in the possession of the prosecutor, until the present day, when he has caused it to be filed by the clerk of this court.

We are of opinion, this order should have been filed, not here, but in the Prerogative Court, whose act it purports to be, and by whose clerk or register, it ought therefore, according to common usage, to be held and preserved.   If, however, this was the only difficulty, if the leave to prosecute had actually been given by the Ordinary, we might not be disposed to enquire very strictly, whether the order was deposited with the clerk of the Prerogative Court before the issuing of the writ here.   But the order now produced is a conditional one.   Leave is given to prosecute upon " giving bond to the surrogate general and his successors in office, in the penalty of four hundred dollars, with such surety or sureties as shall be approved of by the surrogate of the county of Hunterdon, conditioned to indemnify the surrogate general from all costs to be incurred in the prosecution of the said bond."   Until this condition has been fulfilled, no leave is given.   The prosecutor says such a bond has been executed and is now in the hands of the surrogate of the county of Hunterdon.   This matter, however, is not admitted by the defendants, nor is proof made of it, although the prosecutor is not surprised by the present application, having had due notice. But, if proved, it will not sustain the prosecutor.   To deliver the bond to the surrogate is not a compliance with the direc-

tion of the Ordinary. To him, not to the surrogate, it is to be given. It is for his indemnity. It is to be held and preserved by him, or in such manner as he may prescribe.

As the case then stands before us, the name of the Ordinary has been used without his authority; this suit is instituted without leave from him.

The appearance of the defendants entered in the clerk's book does not preclude them from their present application. Such appearance cures some errors in the form of process and manner of service, but cannot reach a defect of the kind now under consideration.

The writ has been improvidently issued and is to be quashed.

FORD, J. and DRAKE, J. concurred.

CITED in *Webster's Administration Bond*, 3 Gr. Ch. R. 559. Halsted, *Ordinary* v. *Fowler*, 2 Zab. 51.